IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIMED PHARMACEUTICALS, LLC, BESINS HEALTHCARE INC., and LABORATOIRES BESINS INTERNATIONAL, SAS, <br><br>  Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY and PERRIGO ISRAEL PHARMACEUTICALS LTD., <br><br>  Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> |
| UNIMED PHARMACEUTICALS, LLC, BESINS HEALTHCARE INC., and LABORATOIRES BESINS INTERNATIONAL, SAS, <br><br>  Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES, INC. and ACTAVIS, INC., <br><br>  Defendants. | C.A. No. 13-236 (RGA) <br> (Consolidated) |

**JOINT STIPULATION AND ORDER TO SUBSTITUTE PARTIES AND
FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANT ACTAVIS, INC.**

WHEREAS, Laboratoires Besins International, SAS represents that it has transferred certain rights with respect to U.S. Patent No. 8,466,136, U.S. Patent No. 8,466,137, U.S. Patent No. 8,466,138 and U.S. Patent No. 8,486,925 to Besins Healthcare Luxemborg SARL;

WHEREAS, Plaintiffs filed suit against Defendants Watson Laboratories, Inc. ("Watson") and Actavis, Inc. ("Actavis") in the above-captioned consolidated case ("the Action");

WHEREAS, Watson and Actavis maintain that Actavis is not a proper defendant in the Action;

WHEREAS, Plaintiffs disagree with the position of Defendants Watson and Actavis stated above;

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that the Parties wish to avoid by entering into this stipulation;

IT IS HEREBY STIPULATED by Plaintiffs Unimed Pharmaceuticals, LLC, Besins Healthcare Inc. and Laboratoires Besins International, SAS and Defendants Perrigo Company, Perrigo Israel Pharmaceuticals Ltd., Watson Laboratories, Inc. and Actavis, Inc., subject to the approval of the Court, that:

(1) Besins Healthcare Luxemborg SARL shall be substituted for plaintiff Laboratoires Besins International, SAS in both of the above captioned cases.

(2) Laboratoires Besins International, SAS agrees to be bound by any judgment or order, including any injunction, rendered as to Besins Healthcare Luxemborg SARL (including appeals) as if it was a named Plaintiff.

(3) Laboratoires Besins International, SAS agrees that it will not contest personal jurisdiction in this Court for purposes of enforcing any such judgment or order against it.

(4) Laboratoires Besins International, SAS agrees that, to the extent it has in its possession, custody, or control information that would be discoverable in the Action were it to remain as a party, it will search for and provide such discovery to Besins Healthcare Luxemborg

SARL in response to discovery requests propounded on Besins Healthcare Luxemborg SARL by Defendants. Defendants may seek to depose employees of Laboratoires Besins International, SAS by serving deposition notices on Besins Healthcare Luxemborg SARL without the need for service of subpoenas. Besins Healthcare Luxemborg SARL will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Laboratoires Besins International, SAS and any witness presented in response thereto shall investigate information in the possession, custody, or control of Laboratoires Besins International, SAS. Laboratoires Besins International, SAS further agrees to be bound by resolution of discovery matters in the Action.

(5) Besins Healthcare Luxemborg SARL further agrees that it will produce in the Action the discovery it receives from Laboratoires Besins International, SAS as provided in paragraph 4, above, if such discovery is responsive to discovery requests served on Besins Healthcare Luxemborg SARL in the Action and not subject to any valid defense, objection, privilege, or immunity.

(6) Actavis, including all affiliates and subsidiaries, agrees to be bound by any judgment or order, including any injunction, rendered as to Watson in the Action (including appeals) as if it was a named Defendant.

(7) Actavis agrees that it will not contest personal jurisdiction in this Court for purposes of enforcing any such judgment or order against it.

(8) Actavis agrees that, to the extent it has in its possession, custody, or control information that would be discoverable in the Action were it to remain as a party, it will search for and provide such discovery to Watson in response to discovery requests propounded on Watson by Plaintiffs. Plaintiffs may seek to depose employees of Actavis by serving deposition

notices on Watson, without the need for service of subpoenas.  Watson will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Actavis and any witness presented in response thereto shall investigate information in the possession, custody, or control of Actavis.  Actavis further agrees to be bound by resolution of discovery matters in the Action.

(9)  This stipulation does not constitute a waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

(10)  Watson agrees that it will not contest personal jurisdiction for purposes of the Action and will not move to dismiss the Action on grounds that this Court lacks personal jurisdiction over Watson for purposes of the Action.  Watson also agrees that it will not contest venue in the Action and will not move to change venue.  Watson further agrees that it will produce in the Action the discovery it receives from Actavis, as provided in paragraph 8, above, if such discovery is responsive to discovery requests served on Watson in the Action and not subject to any valid defense, objection, privilege, or immunity.

(11)  Plaintiffs hereby dismiss without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the claims as to Actavis, Inc.

(12)  The terms of this stipulation are made without prejudice to the respective positions of the Parties with respect to whether Actavis is a proper defendant in the Action, and whether Watson is subject to personal jurisdiction in this Court.  The terms of this stipulation also cannot be used by the Parties to argue for or against jurisdiction in the future.

- 5 -

(13)  The official caption of the instant cases shall reflect these changes, such that the plaintiffs in these cases are now Unimed Pharmaceuticals, LLC, Besins Healthcare Inc. and Besins Healthcare Luxemborg SARL, Defendant Actavis, Inc. be removed, and that the consolidated case caption be amended as follows:

| | | |
|---|---|---|
| UNIMED PHARMACEUTICALS, LLC, BESINS HEALTHCARE INC., and BESINS HEALTHCARE LUXEMBORG SARL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PERRIGO COMPANY and PERRIGO ISRAEL PHARMACEUTICALS LTD., | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) | C.A. No. 13-236 (RGA) (Consolidated) |
| UNIMED PHARMACEUTICALS, LLC, BESINS HEALTHCARE INC., and BESINS HEALTHCARE LUXEMBORG SARL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, GOLDMAN & SPENCE, P.A. |
| */s/ Stephen J. Kraftschik* | */s/ John C. Phillips, Jr.* |
| Mary B. Graham (#2256) | John C. Phillips, Jr. (#110) |
| Paul C. Saindon (#5110) | 1200 North Broom Street |
| Stephen J. Kraftschik (#5623) | Wilmington, DE  19806 |
| 1201 N. Market Street | (302) 655-4200 |
| P.O. Box 1347 | jcp@pgslaw.com |
| Wilmington, DE  19899-1347 | *Attorneys for Perrigo Company and* |
| (302) 658-9200 | *Perrigo Israel Pharmaceuticals, Ltd.* |
| mgraham@mnat.com | |
| psaindon@mnat.com | |
| skraftschik@mnat.com | POTTER ANDERSON & CORROON, LLP |
| *Attorneys for Unimed Pharmaceuticals, LLC,* | |
| *Besins Healthcare Inc., Laboratoires* | */s/ David E. Moore* |
| *Besins International, SAS and Besins* | Richard L. Horwitz (#2246) |
| *Healthcare Luxemborg SARL* | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| | Hercules Plaza, 6th Floor |
| | 1313 N. Market Street |
| | Wilmington, DE 19801 |
| | (302) 984-6000 |
| | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | *Attorneys for Watson Laboratories, Inc.* |
| | *and Actavis, Inc.* |

April 1, 2014

SO ORDERED this ___ day of _____, 2014.

                                                            UNITED STATES DISTRICT JUDGE

7859234