IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Unimed Pharmaceuticals, LLC, Besins Healthcare Inc.,** and **Besins Healthcare Luxemborg SARL,**<br><br>Plaintiffs,<br><br>v.<br><br>**Perrigo Company** and **Perrigo Israel Pharmaceuticals Ltd.,**<br><br>Defendants. | Civil Action No. 13-236-RGA (consolidated) |
| **Unimed Pharmaceuticals, LLC, Besins Healthcare Inc.,** and **Besins Healthcare Luxemborg SARL,**<br><br>Plaintiffs,<br><br>v.<br><br>**Watson Laboratories, Inc.,**<br><br>Defendant | |

MEMORANDUM ORDER

Pending before this Court is Perrigo Defendants' Motion for Leave to File an Amended Answer, Separate Defenses, and Counterclaims (D.I. 86) and related briefing. (D.I. 87, 103, 127). Perrigo asks the Court for leave to amend its answer to add an inequitable conduct defense. Plaintiffs respond that Perrigo's allegations do not support a reasonable inference of specific intent to deceive. The Court agrees.

1

At its core, the proposed amended answer alleges that a host of inventors and attorneys made inconsistent statements to the PTO during prosecution and to the Court during litigation concerning the patents. The amended answer attempts to paint a detailed picture of the alleged inequitable conduct, but length (about 55,000 words) is not a substitute for clarity.

Perrigo alleges that the inventors and/or applicants committed inequitable conduct when they failed to flag "inconsistent" statements for the PTO. During litigation, in order to rebut a validity challenge regarding the on-sale bar, Plaintiffs' experts offered opinions that *in vitro* testing alone was insufficient to determine whether an invention worked for its intended purpose. (D.I. 103 at p. 13). During prosecution of the patents, in order to demonstrate unexpected results, Plaintiffs' agents explained that *in vitro* studies could predict how much testosterone crosses the skin and enters the bloodstream of a person using the gel. (D.I. 127 at p. 2). I do not read these statements as inconsistent. They come to different conclusions based on different legal standards.

Even if these statements are inconsistent, Perrigo fails to state a claim because the allegations do not support a reasonable inference by any particular individual of specific intent to deceive. Given the subtle nature of Perrigo's inconsistency argument, there is no reasonable inference of intent to deceive. Even if the inventors and/or applicants were aware of these "inconsistent" statements, I do not find it plausible that they would recognize that the statements were inconsistent, and knowing that, intentionally fail to point them out, with intent to deceive the PTO. There could only be a specific intent to deceive if the inventors and/or applicants knew of the materiality of the statements, and then formed intent to deceive the PTO. Given the difficulty Perrigo has in articulating the inconsistencies, it is unlikely that the persons involved with the prosecution would even have recognized the materiality. Merely stating that such

2

persons acted "with intent to deceive" is not enough to support a pleading of inequitable conduct.

For the reasons stated above, Perrigo Defendants' Motion for Leave to File an Amended Answer, Separate Defenses, and Counterclaims (D.I. 86) is **DENIED**.

Entered this 23rd day of July, 2014.

*Richard G. Andrews*
United States District Judge